UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D&S MARINE TRANSPORTATION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  14-2048** |
| **S & K MARINE, L.L.C., ET AL.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion for Discovery Pursuant to FRCP 56(d) (R. Doc. 38)** filed by the Plaintiff, D & S Marine Transportation LLC ("D & S Marine"), seeking time to conduct discovery prior to responding to Defendants' Motion for Summary Judgment (R. Doc. 36), which is noticed for submission on April 29, 2015. The motion is opposed. R. Doc. 44. The motion was heard for oral argument on Wednesday, March 11, 2015.

**I.     Background**

This action arises out of the breach of a Long Term Charter Agreement ("Agreement") for an inland towing vessel.  Under the Agreement D & S Marine agreed to operate two vessels owned by defendant S & K Marine LLC ("S & K Marine") for a five year period with the option to extend for another five years and the option to purchase after the initial five year term. *See* R. Doc. 1-2, at 3-4. Plaintiff alleges that the negotiations began June 2013 and the parties continued to refine minor details of the Agreement through February 2014. *Id*. at 4. Plaintiff additionally contends that it made modifications to the vessel and entered into a contract with a third party in reliance on the Agreement. D & S Marine alleges that S & K Marine, through its member Ben Strafuss, breached the Agreement and entered into a separate agreement for vessel charter with Amis, LLC.

D & S Marine initiated this action on August 11, 2014 in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana against S & K Marine, BJS Blessey Marine LLC  and

Ben Strafuss. *Id*. The defendants removed the case to federal court on the grounds of diversity jurisdiction and federal question jurisdiction, as the claim fell under general maritime law. *See* R. Doc. 1.

On September 18, 2014, the Court issued an order staying discovery until the Court rules on the Plaintiff's motion to remand and the Defendants' motion to dismiss. *See* R. Doc. 6. Plaintiff filed the Motion to Remand on October 8, 2014 and the Defendant filed the Motion to Dismiss on November 20, 2014. The Motion to Remand was denied on December 4, 2014 and the Motion to Dismiss was denied in part and granted in part on January 30, 2015. The Court dismissed the Plaintiff's breach of contract, bad faith breach of contract, and detrimental reliance claims against Ben Strafuss and BJS Blessey, L.L.C. *See* R. Doc. 35. The remaining claims are for breach of contract, bad faith breach of contract, and detrimental reliance against S & K Marine, and tortious interference with contractual relations against Ben Strafuss. *Id.*

Shortly after the Court ruled on the motion to dismiss, which automatically lifted the stay on discovery, the parties held a Rule 26 discovery conference on February 11, 2015. *See* R. Doc. 38-1, at 7. However, Plaintiff alleges that the parties were never able to conduct a Rule 16 conference because the Defendants' filed a Motion for Summary Judgment (R. Doc. 36) on February 25, 2015. Since a scheduling order was never issued and formal discovery has not commenced, Plaintiff filed the instant motion seeking discovery pursuant to Federal Rule of Civil Procedure ("Rule") 56(d) for the purpose of responding to the pending motion for summary judgment. *See* R. Doc. 38-1, at 3.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule

specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S. Ct. 1635 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385 (1947)). Furthermore, it is well established that "the scope of discovery lies within the sound discretion of the trial court." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) (citing *Burns v. Thiokol Chemical Corporation*, 483 F.2d 300 (5th Cir. 1973)).

Rule 56 governs the procedures for moving for summary judgment. Under Rule 56, when there are facts that are unavailable to the nonmovant of a summary judgment motion, the nonmovant may show by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The nonmovant may move the court to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id*.

The purpose of Rule 56(d) is to "[allow] for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Moreover, "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *Kean v. Jack Henry & Assocs.*, No. 13–10719, 2014 U.S. App. LEXIS 15382, 2014 WL 3894267 (5th Cir. Aug. 11, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). To succeed on a Rule 56(d) motion, "the movant must demonstrate (1)

why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011).

**III.   Analysis**

Plaintiff argues that it seeks discovery because the Defendants have refused to participate in discovery and now seek the harsh remedy of summary judgment without allowing the benefit of any discovery. *See* R. Doc. 38-1, at 3. Plaintiff represents that discovery has already been propounded on the Defendants and on third parties Amis, LLC, New Generation Shipbuilding, LLC, and Calvin Koltz. *Id*. at 8-9. Plaintiff avers that the discovery sought from the Defendants and the third parties pertains directly to the Defendants' pending summary judgment motion and will indicate that the Defendants had knowledge that the Plaintiff had commenced work in furtherance of the parties' contractual agreement. *Id.* Plaintiff further contends that the information will provide insight into Ben Strafuss's motivation for breaching the Agreement, which Plaintiff believes was to usurp the corporate opportunity for himself through Amis, LLC. *Id.* at 9.

Plaintiff contends that the following genuine issues of material fact remain in this action and pertain to the outstanding discovery:

> 1) the Defendants' motivation for breaching the Agreement; 2) whether the Plaintiff commenced work in accordance with the Agreement; 3) whether the Defendants' knowingly allowed the Plaintiff to commence work in accordance with the Agreement; and 4) whether the Plaintiff expended funds and/or took other actions in furtherance of the Agreement.

*Id.* at 8.

In opposition, the Defendants contend that the Plaintiff's motion for discovery should be denied because further discovery will not provide any evidence that will create a genuine issue of material fact as to whether Defendant, S & K Marine, tacitly accepted the Agreement by knowingly allowing the Plaintiff to spend money making modifications to the vessel. *See* R.

4

Doc. 44, at 10. Defendants argue that whether the tacit agreement exists is the only issue remaining in the lawsuit. *Id.* at 2. Defendants contend that the Plaintiff does not need discovery because it didn't spend money on the modifications and the only person who spent money on the vessel was Ben Strafuss, who spent the money after the negotiations with the Plaintiff broke down. *Id.* at 2. Defendants argue that the Court has already found that the parties contemplated that the final Charter Agreement would be reduced to writing, so the Plaintiff's claim that an agreement already existed would lead to the absurd result of one party in an ongoing contract negotiation being able to bind the other party by unilaterally and prematurely commencing performance. *Id.* at 7.

In Plaintiff's reply to the Defendants' opposition, it further disputes the Defendants' argument that a tacit agreement does not exist because D & S Marine did not spend money. *Id.* at 3. Plaintiff argues that under the Agreement, it was required to seek out a third party contract for the vessel. Plaintiff contends that pursuant to the Agreement it entered into a contract with third party Canal Barge Company and that the Defendants' breach of the Agreement caused the Plaintiff and Canal Barge Company to lose out on all of the revenue expected from their contract. *Id.* at 4. Plaintiff further argues that it spent money to prepare the vessel for its contracted work, including purchasing an aluminum service vessel, a motor, and a satellite compass. *Id.*

Courts, including this Court, have granted Rule 56(d) in similar cases where discovery never commenced. *See Doores v. Robert Res., LLC*, No. CIV.A. 12-1499, 2013 WL 4046266, at *2 (E.D. La. Aug. 8, 2013) (denying motion for summary judgment and ordering the parties to submit to a joint case manager for the issuance of pretrial deadlines); *Meyer v. Bayles*, No. CIV.A. 12-0043, 2012 WL 5351870, at *2 (W.D. La. Oct. 29, 2012) (finding no scheduling

order has been issued and that it is plausible that discovery may influence the out of the motion for summary judgment).

In *234 Harbor Circle, LLC v. JP & D Digital Satellite System, Inc.*, No. CIV.A. 11-1818, 2011 WL 5301566, at *1 (E.D. La. Nov. 4, 2011), the Court found that no discovery between the parties had taken place and that the plaintiff's motion for summary judgment was premature under the circumstances. Finding that the defendant provided an affidavit attesting to the fact that no discovery has been taken and that additional discovery would allow it to rebut the plaintiff's claims, the Court granted the motion for discovery and dismissed the motion for summary judgment without prejudice. *Id.*

During oral argument, the parties explicitly stated that the only issue before the Court on summary judgment is whether the Defendants had knowledge of the Plaintiff's commencement of performance pursuant to the Agreement and failed to object. Defendants argued that the Plaintiff did not commence performance because it did not spend money. However, the Plaintiff has presented information to imply that it commenced work by entering into a third party contract and purchasing equipment for the vessel. Thus, the Court finds that additional discovery could likely create a genuine issue of material fact as to whether the Defendants had knowledge of the Plaintiff's commencement of performance.

Furthermore, "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *Kean*, 2014 WL 3894267 (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Therefore, under these circumstances where no discovery has been exchanged to assist the Plaintiff with presenting evidence of the Defendants' knowledge, the Court finds that discovery is necessary for the Plaintiff to oppose the Defendants' motion for summary judgment. As such, the scope of discovery shall be limited to the only issue raised on summary judgment, which is

any information that reflects or is probative of whether the Defendants had knowledge of the Plaintiff's actions in furtherance of the Agreement.

In the instant motion and during the hearing, Plaintiff referenced previously propounded discovery that it requested responses to from the Defendants and third parties. That discovery was issued to encompass the entirety of the case and was not limited to the scope of discovery under Rule 56(d). Accordingly, the previously propounded discovery will become due under the Rules only after the parties have engaged in the requisite Rule 16 conference. For the purpose of Rule 56(d) discovery, the Plaintiff will tailor its requests to documents that reflect whether Defendants' had knowledge of the Plaintiff's actions in furtherance of the Agreement and in accordance with the deadline set by Rule 34.

## IV.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's **Motion for Discovery Pursuant to FRCP 56(D) (R. Doc. 38)** is **GRANTED**, and the discovery is limited to any information that reflects or is probative of whether the Defendants had knowledge of the Plaintiff's actions in furtherance of the Agreement. The responses to the discovery shall be submitted **no later than April 10, 2015** to allow sufficient time for the mover to digest the information and respond to the pending motion for summary judgment.

New Orleans, Louisiana, this 24th day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**