UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D & S MARINE TRANSPORTATION, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2048** |
| **S & K MARINE, LLC, ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to for Summary Judgment (Doc. #36) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendants, S & K Marine, L.L.C. and Ben Strafuss. Defendants argue that plaintiff, D & S Marine Transportation, LLC, cannot prevail on its breach of contract claim, or the related claims of bad faith breach of contract, tortious interference with contractual relations and detrimental reliance, because the uncontroverted evidence demonstrates that S & K Marine did not tacitly accept the terms of the unexecuted charter party by knowingly permitting D & S Marine to make expenditures to modify the vessel.

D & S Marine is a marine transportation company that operates a fleet of tow boats that move barges. It alleges that in 2013, before the formation of S & K Marine,[1] it engaged in discussions with Calvin Klotz, "leading to an initial agreement" regarding two vessels under construction at New Generations Shipyard that were to be owned by S & K Marine, and operated by D & S Marine. D & S Marine alleges that it entered into a bareboat charter agreement with S & K Marine regarding the vessels, and that S & K Marine breached that contract in bad faith. D & S

---

[1] S & K Marine was registered with the Louisiana Secretary of State on December 11, 2013.

Marine alleges that, although the charter agreement was never executed, the parties "establish[ed] a fixture by agreeing on essential terms of the charter. . .[,]" as they continued to "refine minor details of their agreement through February 2014."  D & S Marine also alleges that, with the defendants' consent, "[i]n furtherance of the bareboat charter agreement and understanding between the parties," it "undertook a significant amount of work with the shipyard to modify the vessel under construction to meet the configurations required and used in [its] fleet."

D & S Marine filed this action against defendants in the Thirty-Second Judicial District Court, Parish of Terrebonne, State of Louisiana alleging that defendants breached a bareboat charter agreement entered into between D & S Marine and S & K Marine.  D & S Marine also alleges that defendants breached that contract in bad faith, that Strafuss committed an intentional interference with contractual relations, and that defendants are liable for detrimental reliance.  Defendants removed the action to the United States District Court for the Eastern District of Louisiana. Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that D & S Marine failed to state any viable claims under either Louisiana law or the general maritime law.

Applying Louisiana law, this court denied the motion to dismiss as to D & S Marine's breach of contract, bad faith breach of contract, and detrimental reliance claims against S & K Marine, and its tortious interference with contractual relations claim against Strafuss.[2]  The court found that the parties contemplated that the final bareboat charter agreement would be in writing and signed by the

---

[2] The court granted the motion as to D & S Marine's breach of contract, bad faith breach of contract, and detrimental reliance claims against Strafuss and BJS Blessey, L.L.C.

2

parties, which did not occur. However, the court also found that by alleging that it "undertook a significant amount of work with the shipyard to modify the vessel under construction to meet the configurations required and used in [its] fleet[,]" D & S Marine alleged that it began performance under the bareboat charter agreement by spending money to make modifications to the vessel while it was under construction. Thus, the court found that this, along with the other pertinent allegations in the complaint, was sufficient for D & S Marine to state claims for breach of contract and bad faith breach of contract against S & K Marine, and for tortious interference with contractual relations against Strafuss. Further, the court found that D & S Marine sufficiently stated a claim for detrimental reliance against S & K Marine, because it alleged that it relied on S & K Marine's word and conduct regarding the formation of the charter party, and alleged that S & K Marine changed its position to D & S Marine's detriment by spending money to modify the vessel under construction and by entering into a sub-charter agreement with one of its customers. S & K Marine and Strafuss filed a motion for summary judgment arguing that all claims against them must be dismissed because D & S Marine did not spend any money modifying the vessel.

## ANALYSIS

**A.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty

Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.    S & K Marine's Motion for Summary Judgment**

S & K Marine and Strafuss filed a motion for summary judgment arguing that all claims against them must be dismissed because D & S Marine did not spend any money modifying the vessel. To support their argument, they filed the affidavits of Wilton Joseph Gregory, the owner of New Generations Shipyard, and Stafuss. Gregory declares that D & S Marine did not have any agreements with the shipyard related to the vessel or pay for any modifications to the vessel; Strafuss paid for the slot where the vessel was being constructed, and 100% of the vessel, including all modifications to it; and, Strafuss and Klotz, with Strafuss' approval, had the sole and exclusive

authority to order any changes to the vessel. Strafuss similarly declared that he personally paid for 100% of the vessel, including all modification; D & S Marine did not pay for any modifications to the vessel; he had the sole and exclusive authority over any changes to the vessel; and, he made all modifications because he "desired and authorized" them, regardless of whether D & S Marine also wanted any such modifications.

In opposition, D & S Marine argues that it "commenced work" under the bareboat charter agreement by expending "funds in furtherance of the [bareboat charter agreement], which includes but is not limited to purchasing an aluminum service vessel, motor, and satellite compass for the vessel[,]" and that its employees performed "extensive work" at the shipyard. Further, D & S Marine argues that it "commenced work" under the bareboat charter agreement by entering into sub-charter agreements "as part of [its] work under the [bareboat charter agreement]." D & S Marine submitted the affidavits of Dean Cheramie, an owner of D & S Marine, and Pat McDaniel, a former partner in D & S Marine.

McDaniel and Cheramie declare that D & S Marine began working with Klotz on the bareboat charter agreement in June or July 2013, and that the parties "reached an agreement to bareboat charter the vessels" sometime before October 16, 2013. They both state that D & S Marine "commenced work immediately to ensure the vessels were prepared to begin working upon their completion," which included "expend[ing] funds to equip [the vessel] with an aluminum service vessel, motor and satellite compass." McDaniel states that he made "many visits to New Generation Shipyard to view and discuss ongoing progress and delays of the vessel building, modification, and change orders with [Gregory] and meeting, negotiating, and entering into time charter agreement[s] with Kirby Inland Marine and Canal Barge Co." McDaniel and Cheramie also declare that S & K

Marine knew of and encouraged the actions that they claim D & S Marine took in furtherance of the contract. Specifically, McDaniel and Cheramie both declare that the bareboat charter was necessary to S & K Marine's decision to purchase the vessels because S & K Marine needed D & S Marine to ensure that the vessels would be working immediately upon their completion.

D & S Marine also submitted an email from Klotz to Strafuss dated February 17, 2014, in which Klotz discussed the alleged bareboat charter agreement. Klotz informs Strafuss that he spoke with McDaniel over the telephone and that McDaniel "thought [they] had a verbal and hand shake agreement" regarding the bareboat charter agreement, and that D &S Marine has "been working with [S & K Marine] since day one helping with the yard and [S & K Marine] even ordered the wheels and gears to meet [D & S Marine's] needs among other things" Further, Klotz says "we did move forward with D&S in August 2013 having numerous meetings and many contact[s] and in fact would not have signed second vessel on October 16, 2013[,] if we did not have their verbal commitment to do a deal . . . I think we should try to honor the D&S deal on boat #1 . . . we always thought D&S was a fair deal and moved forward with them for many months."

The countervailing affidavits and Klotz's email to Strafuss demonstrate that there are disputed issues of fact regarding what steps D & S Marine took in performance of the contract it believed it had with S & K Marine, and whether S & K Marine knew about those actions so as to effectuate S & K Marine's tacit acceptance of the contract regardless of whether it was in the contemplated written form. Therefore, S & K Marine is not entitled to summary judgment, and the motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to for Summary Judgment (Doc. #36) is **DENIED**.

New Orleans, Louisiana, this  11th  day of June, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**