**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **D & S MARINE TRANSPORTATION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-2048** |
| **S & K MARINE, L.L.C., ET AL.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion for Leave of Court to File Second Supplemental and Amending Complaint (R. Doc. 72)**, filed by the Plaintiff, D & S Marine Transportation LLC ("D & S Marine"). D & S Marine seeks leave to (1) add Amis as a new defendant to allege claims of tortious interference with contract and violation of LUTPA; and (2) add a new cause of action against Defendant Ben Strafuss for violation of LUTPA. The motion is opposed. R. Doc. 73. The motion was heard for oral argument on Wednesday, July 1, 2015.

## I.    Background

This action arises out of the breach of a long term charter agreement for an inland towing vessel.  Under the agreement, D & S Marine agreed to operate two vessels owned by Defendant, S & K Marine LLC ("S & K Marine"), for a five year period with the option to extend for another five years and the option to purchase after the initial five year term. *See* R. Doc. 1-2, at 3-4. D & S Marine alleges that the negotiations began June 2013 and the parties continued to refine minor details of their agreement through February 2014. *Id*. at 4. At some unspecified point in 2014, D & S Marine alleges that it learned S & K Marine, through its member Ben Strafuss, breached the agreement and entered into an agreement for vessel charter with Amis. *See* R. Doc. 7-1, at 2.

D & S Marine initiated this action on August 11, 2014 in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana against S & K Marine, BJS Blessey Marine LLC ("BJS Blessey") and Ben Strafuss (collectively "Defendants"). *Id*. The Defendants removed the case to

federal court on the grounds of diversity jurisdiction and federal question jurisdiction, as the claims fell under general maritime law. *See* R. Doc. 1. Defendants allege in their notice of removal that the plaintiff is a Louisiana limited liability company and that its sole member is domiciled in Louisiana. Defendants further allege that S & K Marine and BJS Blessey are solely owned by defendant Ben Strafuss, who is domiciled in Tennessee. *Id*. at 4-8. And as of December 10, 2014, the Defendants have also acknowledged that Ben Strafuss is a member of Amis, LLC. *See* R. Doc. 23-1, at 5.

In the original complaint, D & S Marine alleged breach of contract, bad faith breach of contract, intentional interference with contractual relations, and detrimental reliance. On January 30, 2015, the Court granted the Defendants' motion to dismiss, leaving D & S Marine with the following claims against the following defendants: (1) breach of contract, bad faith breach of contract, and detrimental reliance against S & K Marine, and (2) tortious interference with contractual relations against Ben Strafuss. *See* R. Doc. 35.

In the instant motion, D & S Marine seeks leave of court to amend its complaint to (1) add Amis as a new defendant to allege claims of tortious interference with contract and violation of LUTPA; and (2) add a new cause of action against defendant Ben Strafuss for violation of LUTPA. *See* R. Doc. 72-1, at 2. D & S Marine argues that it seeks to amend its complaint in light of "recent judicial admissions by the defendants and the discovery responses by Ben Strafuss." *Id*. D & S Marine essentially contends that the Defendants have conceded that Strafuss is a member of Amis and that discovery has demonstrated that Strafuss used Amis to usurp a business opportunity for himself. *Id*. at 3.

## II.   <u>Standard of Review</u>

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so

requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. La. Health Serv. and Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

## III.   Analysis

D & S Marine filed the subject motion within the amendment deadline, so the liberal standards of Rule 15(a) apply in determining whether leave should be permitted. In considering the four factors, the parties have narrowed the issue to whether the amendment would be futile. Nonetheless, the Court finds it prudent to also consider the timeliness of D & S Marine's proposed amendment.

### A.      Undue Delay, Bad Faith, or Dilatory Motive on the Part of the Movant

D & S Marine contends that it learned from emails produced on April 7, 2015, that Strafuss, a member of Amis, usurped the business opportunity from D & S Marine through Amis. *See* R. Doc. 72-1, at 3. D & S Marine asserts that at the time it filed this action, it did not and could not have known of Amis' involvement in the events that form the basis of the underlying lawsuit. *Id*. at 4. D & S Marine contends that Strafuss is not listed as a member of Amis on the Louisiana Secretary of State database, so it had no way of knowing his membership in the limited liability company at the time the suit was filed. D & S Marine also avers that it filed this subject motion within the amendment deadline of June 1, 2015, set forth by the Scheduling Order (R. Doc. 61).

The Defendants contend that it is difficult to reconcile D & S Marine's contention that it recently learned of Amis' connection to the vessel because it attempted to add Amis as a defendant more than seven months ago. *See* R. Doc. 73, at 2. Defendants argue that they acknowledged that Strafuss was a member of Amis when it filed its motion for protective order on December 10, 2014 and that D & S Marine had constructive knowledge of the fact that Amis was the owner of the vessel dating back to April 2014.

The Court notes that delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the Court. *Mayeaux*, 376 F.3d at 427 (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), *cert denied*, 469 U.S. 1122, 105 S. Ct. 8069888 (1985). Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Whitaker*

*v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)). In such a situation, the plaintiff bears the burden of showing that delay to be "'due to oversight, inadvertence, or excusable neglect.'" *Id.* (quoting *Mitchell*, 634 F.2d at 203).

In the instant motion, D & S Marine seeks to add a new defendant and a new cause of action against an existing defendant, Strafuss. Given the parties' arguments, the Court finds it prudent to separately consider the timeliness of the Motion in respect to Amis and Strafuss. As for Amis, D & S Marine was on notice of Strafuss's ownership interest in Amis as far back as December 10, 2014, but it did not seek leave to amend its complaint until May 29, 2015, five months and nineteen days later. While D & S Marine contends that the basis for its amendment was formed by the discovery it received on April 7, 2015, the Court's review of the discovery proves that the discovery does not justify the delay of over five months.

The discovery D & S Marine relies upon is an email sent by Strafuss's business partner, Calvin Klotz, to Strafuss regarding their alleged agreement with D & S Marine and an email sent between Strafuss and Joe Gregory about the projected completion date of the vessels. The Klotz email was sent to Strafuss on February 17, 2014, and discussed Klotz's concerns about S & K Marine not honoring the agreement with D & S Marine. The Gregory email was sent in December 2013 and discussed, among other things, the accelerated depreciation for the vessels due to their completion date. However, Amis was not formed until March 2014, a month after the Klotz email was sent and three months after the Gregory email was sent. The emails did not address the yet to be formed Amis nor did they address, at minimum, Strafuss's intent to form Amis to usurp the business opportunity.

Furthermore, upon looking at the claims D & S Marine seeks to assert against Amis, the Court concludes that the emails did not provide additional information to form the basis of a claim under LUTPA or for tortious interference with contract. Under LUTPA, there is a two-part

5

test for bringing a claim: "1) the person must suffer an ascertainable loss; and 2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *Hardy v. Easterling*, 113 So. 3d 1178, 1187 (La. App. 2 Cir. 2011) (citation omitted). For tortious interference with contract, there are five elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. *Favrot v. Favrot*, 68 So. 3d 1099, 1111 (La. App. 4 Cir. 2011), *writ denied*, 62 So. 3d 127 (La. 2011).

Considering these elements and the emails from December 2013 and February 2014, it is clear that the emails did not provide a basis for D & S Marine to bring these claims against Amis. If anything, the emails may assist with D & S Marine's existing claim against Strafuss for tortious interference with contract because the emails only implicate the conduct of Strafuss and not the conduct of the yet to be formed Amis. Therefore, the Court finds that the discovery produced on April 7, 2015, did not provide notice of a possible claim against Amis. Rather, D & S Marine's notice of a possible claim against Amis was formed in December 2014 when it learned Strafuss was a member of Amis. Accordingly, the Court finds that D & S Marine was delayed in seeking to add Amis as a defendant.

Nonetheless, in considering D & S Marine's proposed new cause of action against Strafuss under LUTPA, the Court finds that the emails produced on April 7, 2015 included additional information to provide notice to D & S Marine of a possible claim. Therefore, the Court finds that D & S Marine was not delayed in adding its LUTPA claim against Strafuss.

**B.      Futility of the Amendment**

D & S Marine argue that its claim against Strafuss under LUTPA is not barred by peremption because they relate back to the date the original complaint was filed. *See* R. Doc. 78-2, at 4-5. D & S Marine contends that relation back applies in this matter under Rule 15(c) because the Defendants were on notice of the claim, which is critical to the relation back analysis. *Id*. at 5. D & S Marine contends that in the State of Louisiana it is uncertain whether LUTPA claims are prescriptive or preemptive.[1] *Id*. at 7. Nonetheless, D & S Marine contends that LUTPA claims can relate back to the original complaint, despite whether they are peremptive or prescriptive. *Id*.

The Defendants contend that LUTPA claims must be brought within one year from the time of the transaction or act which gave rise to the asserted claim and that the one year period is peremptive, not prescriptive. *See* R. Doc. 73, at 8. Defendants argue that D & S Marine alleges that the breach of the alleged bareboat charter agreement occurred in February 2014, thus the one year tolling period ended in February 2015 and the proposed LUTPA claim against is perempted on its face. *Id*.

Futility is an important consideration when determining whether to grant leave to amend. A court may deny a motion for leave to amend where "the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added). Where viability of a claim is at least facially possible, futility does not provide grounds for granting an amendment. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011).

---

[1] "Peremption differs from prescriptive in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period." *Naghi v. Brener*, 17 So. 3d 919, 926 (La. 2009).

Here, the alleged contract breach occurred in February 2014 and under LUTPA, private actions "shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action." La. Rev. Stat. Ann. 51:1409. In interpreting the prescription period, state and federal courts in Louisiana have treated the one year period as a peremptive period. *See Atel Mar. Investors, LP v. Sea Mar Mgmt*., L.L.C., No. CIV.A. 08-1700, 2012 WL 2994337, at *9 (E.D. La. July 20, 2012) (finding the plaintiff's LUTPA claim must fail as a matter of law because it was filed after the one-year  peremptive period); *Reese v. ICF Emergency Mgmt. Servs., Inc., L.L.C*., 684 F. Supp. 2d 793, 801 (M.D. La. 2010) (stating that LUTPA claims are subject to a peremptive period); *Dominion Exploration & Prod., Inc. v. Waters*, 2007-0386 (La. App. 4 Cir. 11/14/07), 972 So. 2d 350, 356 (La. Ct. App. 2007) ("The one-year limitation period in LUTPA is preemptive, rather than prescriptive.").

The principle difference between a peremptive and prescriptive filing period is that the expiration of the peremptive time period destroys the cause of action and nothing may interfere with the running of a peremptive time period. *Naghi v. Brener*, 17 So. 3d 919, 926 (La. 2009). When considering an amended complaint, some lower state courts before 2009 held that the relation back theory applied to peremptive limitations periods. *See Houston Indus., Inc. v. Fitch*, 32,654 (La. App. 2 Cir. 2/1/00), 752 So. 2d 974, 976 writ denied, 2000-0643 (La. 4/20/00), 760 So. 2d 351 ("[T]he relation back theory is applicable to claims governed by a peremptive rather than a prescriptive period."); *Thibaut v. Thibaut*, 607 So. 2d 587, 608 (La. Ct. App. 1992) ("[A] cause of action under [LUTPA] La.R.S. 51:1409 [can] be maintained under a relation back theory.").

However, in 2009, the Louisiana Supreme Court in *Naghi* found "there can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period in that it avoids its operation." 17 So. 3d at 925. The Louisiana Supreme Court

further noted that "the relation back theory assumes that there is a legally viable claim to which the pleading can relate back" and that "[p]eremption, however, destroys the cause of action itself." *Id.* Thus, "'relation back of an amended or supplemental pleading . . . is not allowed to avoid the running of a peremptive period' as peremption 'destroys the cause of action itself.'" *Keys v. State, Dep't of Soc. Servs.*, 2012-216 (La. App. 3 Cir. 10/3/12) (quoting *Naghi*, 17 So.3d at 925). Therefore, under Louisiana procedural law, LUTPA claims cannot relate back to the original pleading.

Nonetheless, under the *Erie* doctrine, a federal court sitting in diversity does not apply state procedural law, but federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 92, 58 S. Ct. 817, 828 (1938). Accordingly, "the Federal Rules of Civil Procedure, rather than the Louisiana rules, govern whether plaintiff's claims relate back." *Stanley v. Trinchard*, No. CIV.A. 02-1235, 2010 WL 3168113, at *4-5 (E.D. La. Aug. 9, 2010) (addressing party's contention that "Louisiana courts do not allow claims barred by peremption periods to 'relate back' to a timely filed original complaint"); *see also Schewe v. USAA Cas. Ins. Co.*, No. CIV.A. 06-881, 2007 WL 2174588, at *8 (E.D. La. July 27, 2007) (asserting that Rule 15(c) governs after the running of the peremptive period).

Under the Federal Rules of Civil Procedure, the relation back theory will apply to the LUTPA claims if Rule 15(c) is satisfied. Rule 15(c) provides for three mechanisms for allowing a subsequent amendment to relate back to the original filing date: (1) when the state law allows relation back and that law affords a more forgiving principle of relation back than the one provided under the Rules; (2) when the new claim or defense arose out of the conduct, transaction, or occurrence set out in the original pleading; or (3) when the amendment changes the defendant or the name of the defendant and it arises out of the conduct, transaction, or

occurrence set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(A)-(C); *see also* Fed. R. Civ. P. 15 (Advisory Committee Note).

Here, the first and third mechanism under Rule 15(c) are not applicable. As previously discussed, the Louisiana relation back rule for LUTPA claims is not more forgiving than the federal rules because under peremption the LUTPA claim extinguished after one year and relation back does not apply. Additionally, the third mechanism is not applicable because D & S Marine seeks to add a LUTPA claim against an existing defendant. Therefore, the second mechanism under Rule 15(c) is the only applicable option in this case.

Under the second option, a party is permitted under Rule 15(c) to amend a pleading "'despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims.'" *Stanley*, 2010 WL 3168113, at *4 (quoting *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1367 (5th Cir. 1994)). Furthermore, "it is not relevant whether a Louisiana court would permit plaintiff's . . . claims to relate back to plaintiff's original pleading." *Id.* In making the determination of whether the claim relates back, "[t]he Court must consider whether plaintiff's . . . claim 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Id.* at *5 (quoting Fed. R. Civ. P. 15(c)(1)(A)).

In this case, the facts alleged in the proposed amended complaint arise out of the same facts alleged in the original complaint. Namely, D & S Marine alleges that Strafuss knew of the contract with D & S Marine and usurped the opportunity through Amis to use the vessels in direct competition with D & S Marine. The whole process allegedly executed by Strafuss to violate LUTPA, is the same process alleged in D & S Marine's claim against Strafuss for intentional interference with contractual relations. Thus, the claim arises out of the same conduct, transaction, or occurrence of the allegations in the original complaint and the LUTPA claim

relates back to the filing of the original complaint. As such, the Court finds that the LUTPA claim against Strafuss is not futile.

**IV.**     **Conclusion**

**IT IS ORDERED** that Plaintiff, D & S Marine's **Motion for Leave of Court to File Second Supplemental and Amending Complaint (R. Doc. 72)** is **GRANTED in part** and **DENIED in part.** It is **GRANTED** as to allowing D & S Marine to allege a claim under LUTPA against Ben Strafuss. It is **DENIED** as to adding Amis as a defendant. D & S Marine shall file an amended complaint in accordance with this order by **August 26, 2015.**

New Orleans, Louisiana, this <u>19th</u> day of August 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**