UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| D & S MARINE TRANSPORTATION, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 14-2048 |
| S & K MARINE, L.L.C., BEN STRAFUSS, AND BJS BLESSEY, L.L.C. | SECTION: "S" (4) |

## OPINION

Defendants, S & K Marine, L.L.C. and Ben Strafuss, appeal the United States Magistrate Judge's August 19, 2015, Order (Doc. #82) granting in part plaintiff's Motion to for Leave of Court to File Second Supplemental and Amending Complaint (Doc. #72), in which the United States Magistrate Judge permitted plaintiff, D & S Marine, L.L.C., to bring claims against Ben Strafuss arising under the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statutes § 51:1401, *et seq.*[1] See Doc. #84. For the reasons explained below, the ruling of the United States Magistrate Judge is **OVERRULED**.

## BACKGROUND

This matter is before the court on defendants' appeal of the United States Magistrate Judge's August 19, 2015, Order granting in part plaintiff's Motion to for Leave of Court to File Second Supplemental and Amending Complaint (Doc. #72), in which the United States Magistrate Judge permitted D & S Marine to bring LUTPA claims against Ben Strafuss. Defendants argue that this ruling was clearly erroneous because such claims are perempted.

---

[1] Additionally, the United States Magistrate Judge denied in part plaintiff's Motion to for Leave of Court to File Second Supplemental and Amending Complaint as to adding Amis as a defendant.

D & S Marine is a marine transportation company that operates a fleet of tow boats that move barges. On August 11, 2014, D & S Marine filed this action against defendants in the Thirty-Second Judicial District Court, Parish of Terrebonne, State of Louisiana alleging that defendants breached a bareboat charter agreement entered into between D & S Marine and S & K Marine. D & S Marine also alleges that defendants breached that contract in bad faith, that Strafuss committed an intentional interference with contractual relations, and that defendants are liable for detrimental reliance. Defendants removed the action to the United States District Court for the Eastern District of Louisiana. Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that D & S Marine failed to state any viable claims under either Louisiana law or the general maritime law.

Applying Louisiana law, this court denied the motion to dismiss as to D & S Marine's breach of contract, bad faith breach of contract, and detrimental reliance claims against S & K Marine, and its tortious interference with contractual relations claim against Strafuss.[2] The court found that the parties contemplated that the final bareboat charter agreement would be in writing and signed by the parties, which did not occur. However, the court also found that by alleging that it "undertook a significant amount of work with the shipyard to modify the vessel under construction to meet the configurations required and used in [its] fleet[,]" D & S Marine alleged that it began performance under the bareboat charter agreement by spending money to make modifications to the vessel while it was under construction. Thus, the court found that this, along with the other pertinent allegations

---

[2] The court granted the motion as to D & S Marine's breach of contract, bad faith breach of contract, and detrimental reliance claims against Strafuss and BJS Blessey, L.L.C.

in the complaint, was sufficient for D & S Marine to state claims for breach of contract and bad faith breach of contract against S & K Marine, and for tortious interference with contractual relations against Strafuss.  Further, the court found that  D & S Marine sufficiently stated a claim for detrimental reliance against S & K Marine, because it alleged that it relied on S & K Marine's word and conduct regarding the formation of the charter party, and alleged that S & K Marine changed its position to D & S Marine's detriment by spending money to modify the vessel under construction and by entering into a sub-charter agreement with one of its customers.

Thereafter, S & K Marine and Strafuss filed a motion for summary judgment arguing that all claims against them must be dismissed because D & S Marine did not spend any money modifying the vessel. The court denied the motion finding that there were disputed issue of material fact that precluded summary judgment.

On May 29, 2015, D & S Marine filed a Motion to for Leave of Court to File Second Supplemental and Amending Complaint seeking to bring LUTPA claims against Strafuss.  D & S Marine contended that an email to Strafuss from his business partner, Calvin Klotz, dated February 17, 2014, which was produced during discovery, provided a basis for such claims.  Defendants argued that the amendment was futile because the claims were perempted under LUTPA's one-year peremption period.

The United States Magistrate Judge granted D & S Marine's motion as to adding LUTPA claims against Strafuss.  While she recognized that the LUTPA claims were technically perempted, the United States Magistrate Judge ruled that under Rule 15(c) of the Federal Rules of Civil Procedure, the LUTPA claims against Strafuss relate back to the filing of the original petition because they arise out of the same conduct, transaction or occurrence as the allegations therein.

Defendants filed an appeal of that ruling arguing that the finding is contrary to law. Defendants argued that a peremptive period is a substantive right under Louisiana state law, and the Rules Enabling Act, 28 U.S.C. § 2072, prohibits using Rule 15(c) to enlarge a substantive right. D & S Marine argues that the United States Magistrate Judge's Order was correct because she applied the federal procedural rules, as is required in a diversity case.

## ANALYSIS

### A.   Standard of Review

"The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as such additional duties as are not inconsistent with the Constitution and laws of the United States." Peretz v. United States, 111 S.Ct. 2661, 2663 (1991) (internal quotation and footnote citation omitted). Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any pretrial matter pending before the court, with a few exceptions. The district judge reviews the magistrate judge's orders on pretrial matters assigned under subparagraph (A) on a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A). Motions for leave to amend the complaint are ordinarily considered nondispositive in nature and subject to the clearly erroneous or contrary to law standard. See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996).

### B.   Peremption and Rule 15(c)

A federal court exercising diversity subject-matter jurisdiction over an action applies "state substantive law and federal procedural law." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S.Ct. 1431, 1448 (2010) (quoting Hanna v. Plumer, 85 S.Ct. 1136, 1141 (1965)). Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading

4

relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out- - in the original pleading."  The United States Court of Appeals for the Fifth Circuit has explained that this rule

> is a procedural provision to allow a party to amend an operative pleading despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims. The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings. . . . This so-called "relation back" doctrine does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading.

Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex., 20 F.3d 1362, 1366-67 (5th Cir. 1994) (internal citations and quotations omitted).  An amendment may be allowed after the statutory period has run even if it completely changes the legal theory of plaintiff's claim because "[t]he federal rules shift the emphasis from state theories of law as to cause of action to the specified conduct of the defendant upon which plaintiff relies to enforce his claim." Longbottom v. Swaby, 397 F.2d 45, 48 (5th Cir. 1968) (citations omitted).  "The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." Id.

La. Rev. Stat. § 1409(E) provides that an action under LUTPA "shall be prescribed by one year running from the time of the transaction or act which gave rise to the right of action." This is a peremptive period. Glod v. Baker, 899 S.2d 642, 646 (La. Ct. App. 2005); see also Naghi v. Brenner, 17 So.3d 919, 923 (La. 2009) (recognizing that when a statute creates a right of action and

states the time in which it must be exercised, the time is a peremptive period). Louisiana Civil Code article 3458 defines peremption as "a period of time fixed by law for the existence of a right[,]" and states that "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." The Supreme Court of Louisiana has stated that the difference between prescription and peremption is that: "Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the time expires the cause of action no longer exists, it is lost." Naghi, 17 So.3d at 923 (quoting Guillory v. Avoyelles Ry. Co., 28 So. 899, 901 (La. 1900)). The Supreme Court of Louisiana has also explained that:

> Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. C.C. art. 1762(1)); peremption, however extinguishes or destroys the right (La. C.C. art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period.

Id. (quoting Hebert v. Doctors Mem'l Hosp., 486 So.2d 717, 723 (La. 1986)). Citing these principles, the Supreme Court of Louisiana held that perempted claims cannot relate back to the filing of the original petition under Louisiana Code of Civil Procedure article 1153. Id. at 925-26.

Because the court must apply federal procedural rules, it is irrelevant whether a perempted claim would relate back under Louisiana Code of Civil Procedure article 1153. See Shady Grove Orthopedic, 130 S.Ct. at 1448. However, the Rules Enabling Act provides that the Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). The Supreme Court of Louisiana has clearly stated that peremption is not merely a procedural bar to litigation, rather it destroys the existence of a substantive right. See Naghi, 17 So.3d at 923-26. Permitting relation back of a perempted claim under Rule 15(c) would expand a substantive right,

which is prohibited by the Rules Enabling Act.  See Miguel v. Country Finding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) (finding that the Rules Enabling Act prohibited the application of Rule 15(c) to a claim that was barred by a statute of repose because it would expand a substantive right).  Therefore, D & S Marine's perempted LUTPA claims against Strafuss cannot relate back to the filing of the original petition, making the filing of the claim futile.  The United States Magistrate Judge's August 19, 2015, Order allowing the filing of those claims is OVERRULED.

## CONCLUSION

The United States Magistrate Judge's August 19, 2015, Order granting in part plaintiff's Motion to for Leave of Court to File Second Supplemental and Amending Complaint (Doc. #82) as to adding LUTPA claims against Ben Strafuss is **OVERRULED**, and plaintiffs' Motion to for Leave of Court to File Second Supplemental and Amending Complaint (Doc. #82) is **DENIED**.

New Orleans, Louisiana, this   7th   day of October, 2015.

_____
          **MARY ANN VIAL LEMMON**
          **UNITED STATES DISTRICT JUDGE**