**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **D&S MARINE TRANSPORTATION, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 2:14-CV-2048** |
| | * | |
| **V.** | * | **SECTION "S" (4)** |
| | * | |
| **S & K MARINE, L.L.C., BEN STRAFUSS, AND BJS BLESSEY, L.L.C.** | * | **JUDGE LEMMON** |
| | * | |
| | * | **MAG. JUDGE ROBY** |

**STATEMENT OF CONTESTED MATERIAL FACTS**
**IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, D & S Marine Transportation, L.L.C. ("Plaintiff" or "D&S") and, pursuant to Local Rule 56.2, submit the following Statement of Contested Material Facts in opposition to the Defendants' Motion Renewed for Summary Judgement.

1.

The Vessels at issue in this litigation are inland push boats bearing Hull Nos. NGS-106 and NGS-107 (the "Vessels"), which were built at New Generation Shipyard (the "Shipyard") in Terrebonne Parish for Ben Strafuss.

**CONTESTED.** The vessels were constructed for Ben Strafuss, Calvin Klotz, and S & K Marine, L.L.C., and the vessels were bareboat chartered to D & S Transportation, L.L.C. and time chartered to Canal Barge Company and Kirby Inland Marine.

2.

Ben Strafuss and Calvin Klotz (with Ben Strafuss' approval) had the sole and exclusive authority to order any changes to the Vessels.

**CONTESTED.** D & S requested changes which were incorporated into vessels. To ensure conformity with the other vessels of D&S' fleet, the following items were modified: marine gears, the pitch and diameter of the wheels, the doors, the steering system, stairway configuration, and the wheel house superstructure.[1]

3.

D & S Marine did not pay for any modifications to the Vessels, did not have any agreements at all with the Shipyard related to the Vessels, did not have the authority to make any modifications to the Vessels, and did not order the Shipyard to make any modifications to the Vessels.

**CONTESTED.** D & S requested modifications which were incorporated into vessels, as described above. In addition, D&S expended time and moneys equipping the vessels with an aluminum service vessel, motor, and satellite compass for NGS-106.[2]

4.

The parties to this matter tried, and failed, to enter into a bareboat charter agreement for the Vessels, with a D & S Marine entity to be designated as the Charterer, and an as-yet to be formed entity to be designated as the Owner.

**CONTESTED.** The vessels were constructed for Ben Strafuss, Calvin Klotz, and S & K Marine, L.L.C., and the vessels were bareboat chartered to D & S Transportation, L.L.C. and time chartered to Canal Barge Company and Kirby Inland Marine.

---

[1] Exhibit "W" – Deposition of Calvin Klotz at Pg. 36; Exhibit "U" – Deposition of Pat McDaniel at Pg. 353-355.

[2] Exhibit "U" – Deposition of Pat McDaniel at Pg. 353.

5.

While Ben Strafuss and Calvin Klotz contemplated that they would both be members of the entity that would be the owner of the Vessels, Ben Strafuss formed S & K Marine to be the original Owner entity by himself. Ben Strafuss is the only person who was ever a member of S & K Marine.

**CONTESTED.** The vessels were constructed for Ben Strafuss, Calvin Klotz, and S & K Marine, L.L.C., and the vessels were bareboat chartered to D & S Transportation, L.L.C. and time chartered to Canal Barge Company and Kirby Inland Marine.

6.

In the negotiations between Pat McDaniel, for D & S Marine, and Calvin Klotz, for S & K Marine and Ben Strafuss, the parties exchanged, reviewed, and revised several draft bareboat charter agreements with numerous material changes reflecting substantial and continuing disagreement.

**CONTESTED.** The parties agreed upon initial "essential" terms, began moving forward with work according to this agreement, and agreed that minor details would be worked as the project progressed.[3]

7.

After a meeting in the Summer of 2013 by and among D & S Marine, Ben Strafuss, and Calvin Klotz to discuss general terms of the contemplated bareboat charter agreement, Ben Strafuss asked D & S Marine to prepare a draft so that he could review it with the advice of counsel and provide feedback. There was no agreement for a bareboat charter.

---

[3] D&S Petition at Paragraph 12; Exhibit "F" – Email string regarding fueling vessel for Kirby (Defendant 33-34).

**CONTESTED.** The parties agreed upon initial "essential" terms, began moving forward with work according to this agreement, and agreed that minor details would be worked as the project progressed.[4]

8.

D & S Marine agreed to and did create the first draft of the contemplated bareboat charter agreement with the assistance of its counsel, Leon Rittenberg.

**CONTESTED.** After the parties agreed upon initial "essential" terms and began moving forward with work according to this agreement, D&S then provided the first written draft to the owners.

9.

On November 19, 2013, Pat McDaniel sent Ben Strafuss the first draft of the bareboat charter agreement "as a starting point," for the parties to "mark up and discuss as needed."

**UNCONTESTED.**

10.

Upon receiving D & S Marine's first draft of the bareboat charter agreement, there were a number of provisions that Ben Strafuss believed were unfavorable to him. Ben Strafuss reviewed D & S Marine's first draft of the bareboat charter agreement with his attorneys, who provided suggested comments, edits, and redlines.

**CONTESTED.**

[4] D&S Petition at Paragraph 12; Exhibit "F" – Email string regarding fueling vessel for Kirby (Defendant 33-34).

11.

On December 11, 2013, Calvin Klotz sent Pat McDaniel a redline version of D & S Marine's first draft of the bareboat charter agreement, which reflected several material changes (the "Owner's Redline").

**CONTESTED.**

12.

In December, 2013, January, 2014, and February, 2014, D & S Marine made several changes to the Owner's Redline with the assistance of its counsel, Leon Rittenberg.

**CONTESTED.**

13.

While D & S Marine contends that there was an agreement among the parties prior to October 16, 2013 to bareboat charter the Vessels to D & S Marine on certain "essential terms," including (1) the charter daily rate, (2) an initial term of five years with an option to purchase and an option to extend the term for an additional five years, (3) vessel maintenance, (4) vessel insurance, (5) fuel and lube, and (6) related taxes, the parties continued to negotiate and change such terms without success. There was never mutual consent among the parties on the terms that D & S Marine identifies as essential.

**CONTESTED.**[5]

14.

Having failed to successfully reach an agreement on the contemplated bareboat charter agreement, Ben Strafuss decided to pursue other options with respect to the Vessels.

[5] Exhibit "W" – Deposition of Calvin Klotz 51.

**CONTESTED.** The vessels were constructed for Ben Strafuss, Calvin Klotz, and S & K Marine, L.L.C., and the vessels were bareboat chartered to D & S Transportation, L.L.C. and time chartered to Canal Barge Company and Kirby Inland Marine.

15.

Additional genuine issues of material fact, which preclude granting the Defendants' Renewed Motion for Summary Judgment:

a. Whether the work performed by D&S was "wholly unrelated to the contract at issue."

b. Whether D&S unilaterally and prematurely commenced work under the contract.

c. Whether the work performed by D&S was *de minimus*.

d. Whether the Defendants and vessel owners knew and encouraged D&S to begin working on the vessels.

e. Whether the Defendants and vessel owners knew that D&S was going to enter and did enter into time charter agreements for the vessels.[6]

f. Whether Defendants and vessel owners objected to D&S commencing work under the agreement.

g. Whether the parties to the bareboat agreement agreed upon essential terms prior to moving forward under their agreement.

h. Which terms of a bareboat agreement were agreed upon by the parties.

---

[6] Exhibit "U" – Deposition of Pat McDaniel at Pg. 109, Ln. 14-25.

Respectfully submitted:

LAW OFFICE OF CHRISTOPHER H. RIVIERE
A Professional Law Corporation

/s/ *William N. Abel*
CHRISTOPHER H. RIVIERE (#11297)
WILLIAM N. ABEL (#33702)
TODD M. MAGEE (#35415)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana 70302-0670
Telephone: (985) 447-7440
Facsimile: (985) 447-3233
Attorneys for D & S Marine Transportation, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2016, a copy of the above and foregoing was filed electronically with the Clerk of Court/ECF System. Notice of this filing will be sent by operation of the court's electronic filing system.

/s/ *William N. Abel*