MINUTE ENTRY
ROBY, M.J.
May 4, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D&S MARINE TRANSPORTATION, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  14-2048** |
| **S&K MARINE, LLC ET AL** | **SECTION: "S" (4)** |

| | |
|---|---|
| LAW CLERK: | Justin Jack |
| COURT REPORTER/RECORDER: | Rebecca Gonzalez |

### ORDER

Before the Court is **Non-Party Calvin Klotz's Motion to Quash Subpoena (R. Doc. 95)** seeking an Order to quash the subpoena issued by D&S Marine Transportation, LLC ("D&S Marine"). R. Doc. 95. The motion is opposed. R. Doc. 98. The motion was heard by oral argument on May 4, 2016.

### I.   Background

This action arises out of the alleged breach of a charter agreement for a towing vessel. The agreement provided that D&S Marine would operate two vessels owned by Defendant, S&K Marine, LLC ("S&K Marine"), for a five year period with the option to extend for another five years. R. Doc. 1-2, at 3-4.  D&S Marine alleges that negotiations began in June 2013 and the parties continued to refine minor details of their agreement through February 2014. *Id.* at 4. At some unspecified point in 2014, D&S Marine alleges that it learned S&K Marine, through its member Ben Strafuss, breached their agreement and entered into an agreement with Amis, LLC

MJSTAR: 00:10

("Amis"). R. Doc. 7-1, at 2.  Strafuss is also a member of Amis and owns a forty percent interest in the company. R. Doc. 98-1, p. 3.

On January 30, 2015, the Court granted the Defendants' motion to dismiss, leaving D&S Marine with the following claims: (1) breach of contract, bad faith breach of contract, and detrimental reliance against S&K Marine, and (2) tortious interference with contractual relations against Ben Strafuss. *See* R. Doc. 35.

As to the instant motion, Non-Party Calvin Klotz, who is Strafuss' business partner, seeks an Order from the Court to quash a subpoena issued by S&K Marine. R. Doc. 95, p. 1. The subpoena seeks any documentation that Klotz has in his possession regarding Amis. Klotz argues that the subpoena is procedurally improper because it only provided five working days to comply. Further, it seeks records that are irrelevant, confidential, and are available from Stafuss who is a party in the suit.

In opposition, Plaintiff contends that the requested documents are related to potential defenses to its tortious inference claim because the sought documents establish the timeframe and reasoning behind the failed formation of S&K, the subsequent formation of Amis, and Klotz's membership interest in Amis. Further, Plaintiff states that the burden on Klotz to respond is minimal. R. Doc. 98, p. 3-5.

**II.    Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.

2

*Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' re's; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Rule 45(b)(1). "If the subpoeana commands the production of documents ... then before it is served, a notice must be served on each party." *Id.* "Proof of service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." *Id.* at 45(b)(4).

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at 45(c)(1) (emphasis added). Rule 45(b)(1) requires, inter alia, that "[s]erving a subpoena requires delivering a copy to the named person." *Id.* A Rule 45 motion must be quashed or modified where, inter alia, the subpoena "(iv) subjects a person to undue burden." *Id.* at 45(c)(3)(A). A court may

also "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C). The movant has the burden of proof. *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998).

**III.    Analysis**

Non-Party Calvin Klotz maintains that a subpoena issued by Plaintiff, which seeks any documentation in his possession regarding Amis, should be quash on both procedural and substantive grounds. R. Doc. 95-1, p. 2. On procedural grounds, Klotz argues that the subpoena did not provide sufficient time to comply as it only allowed five working days to procedure "voluminous records." *Id.* Further, the subpoena seeks documents that are irrelevant because the Court previously held that Amis is irrelevant to the litigation and the requested documents can be procured from Strafuss who a named party. *Id.* at 4.

In response, Plaintiff contends that the documents relate to potential defenses to its tortious interference claim that were raised during Strafuss' deposition. R. Doc. 98, p. 3. Plaintiff maintains that during Strafuss' deposition he stated that the decision to enter into an agreement with Amis rather than S&K was because entering into a partnership with an employee (Klotz) of Cummins Mid-South ("Cummins") would violate the non-compete agreement that he signed when he departed as Cummins' CEO. R. Doc. 98-1, p. 4. Further, Strafuss claimed that S&K was never formed because Klotz did not have enough cash-on-hand for his contribution and his loan was rejected. Thus, the requested documents are relevant to determine the reasoning behind the failed formation of S&K, the subsequent formation of Amis, and what was required for Klotz to obtain

his ten percent interest in Amis. R. Soc. 98, p. 5. Plaintiff also argues that the burden on Klotz to respond to the subpoena is minimal. *Id.*

Here, the parties do not dispute that Klotz was served with the subpoena on April 11, 2016, and that the subpoena sought production by April 18, 2016, seven days later. Thus, Klotz only had seven actual days and five working days to comply. It is settled that any timeframe to respond to a subpoena that is less than fourteen (14) days is likely unreasonable. *See Hall v. Louisiana*, 2014 WL 1652791 at *1 (M.D.La. Apr. 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply). Accordingly, the subpoena is quashed because it fails to allow a reasonable time to comply. *See Thomas v. IEM, Inc.*, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (quashed subpoena that only allowed 9 business days to respond and produce documents).

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Non-Party Calvin Klotz's Motion to Quash Subpoena (R. Doc. 95)** is **GRANTED**.

New Orleans, Louisiana, this <u>10th</u> day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5